**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JONATHAN SANDERS,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **3:10-cv-01184-F** |
| **PROCOLLECT, INC., and DOES 1-10,** | § | |
| **inclusive** | § | |
| | § | |
| *Defendants* | | |

**DEFENDANT'S FIRST AMENDED ANSWER & COUNTERCLAIM**

TO THE HONORABLE COURT:

NOW COMES **PROCOLLECT, INC., and DOES 1-10, inclusive** (hereinafter the "Defendants") who respectfully file this First Amended Answer and Counterclaim to Plaintiff Jonathan Sanders's Original Complaint and any subsequent amendments thereto:

A. Admissions & Denials

1.      Defendant admits that Plaintiff is attempting to bring an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the common state law tort of invasion of privacy, but denies each and every other allegation in Paragraph 1.

2.      Defendant admits that if Plaintiff's federal claims withstand judicial scrutiny, this court his supplemental jurisdiction, otherwise, it does not.

3.      Defendant admits to the allegations contained in Paragraph 3.

4.      Defendant admits that with regard to the underlying debt to which this case is subject to, Plaintiff is a consumer, but Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 4, and therefore denies the same.

5.      Defendant admits to the allegations contained in Paragraph 5.

6.      Defendant admits that Plaintiff incurred a debt of approximately $3,380.78 to the Forest Brook Apartments in Lewisville, Texas.

7.      Defendant admits to the allegations contained in Paragraph 7.

8.      Defendant admits that it was hired to collect the underlying debt by the original creditor.

9.      Defendant admits that it attempted to collect the underlying debt from Plaintiff, but lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 9, and therefore denies the same.

10.      Defendant denies each and every allegation contained in Paragraph 10.

11.      Defendant denies each and every allegation contained in Paragraph 11.

12.      Defendant denies each and every allegation contained in Paragraph 12.

13.      Defendant denies each and every allegation contained in Paragraph 13.

14.      Defendant denies each and every allegation contained in Paragraph 14.

15.      Defendant denies each and every allegation contained in Paragraph 15.

16.      Defendant admits that persons claiming to be from Lemberg & Associates contacted Defendant and that such party refused to provide a letter of representation, but Defendant denies each and every allegation contained in Paragraph 16.

17.      Defendant denies each and every allegation contained in Paragraph 17.

18.      Defendant denies each and every allegation contained in Paragraph 18.

19.      Defendant denies each and every allegation contained in Paragraph 19.

20.      Defendant denies each and every allegation contained in Paragraph 20.

21.      Defendant denies each and every allegation contained in Paragraph 21.

22.      Defendant denies each and every allegation contained in Paragraph 22.

23.      Defendant denies each and every allegation contained in Paragraph 23.

24.     Defendant denies each and every allegation contained in Paragraph 24.

25.     Defendant denies each and every allegation contained in Paragraph 25.

26.     Defendant denies each and every allegation contained in Paragraph 26.

27.     Defendant denies each and every allegation contained in Paragraph 27.

28.     Defendant denies each and every allegation contained in Paragraph 28.

29.     Defendant denies each and every allegation contained in Paragraph 29.

30.     Defendant denies each and every allegation contained in Paragraph 30.

31.     Defendant denies each and every allegation contained in Paragraph 31.

32.     Defendant denies each and every allegation contained in Paragraph 32.

33.     Defendant denies each and every allegation contained in Paragraph 33.

34.     Defendant denies each and every allegation contained in Paragraph 34.

35.     Defendant denies each and every allegation contained in Paragraph 35.

36.     Defendant denies each and every allegation contained in Paragraph 36.

37.     Defendant denies each and every allegation contained in Paragraph 37.

38.     Defendant denies each and every allegation contained in Paragraph 38.

39.     Defendant denies each and every allegation contained in Paragraph 39.

40.     Defendant denies each and every allegation contained in Paragraph 40.

41.     Defendant denies each and every allegation contained in Paragraph 41.

42.     Defendant admits to the allegations contained in Paragraph 42.

43.     Defendant admits to the allegations contained in Paragraph 43.

44.     Defendant denies each and every allegation contained in Paragraph 44.

45.     Defendant denies each and every allegation contained in Paragraph 45.

46.     Defendant denies each and every allegation contained in Paragraph 46.

47.     Defendant denies each and every allegation contained in Paragraph 47.

48.    Defendant denies each and every allegation contained in Paragraph 48.

49.    Plaintiff oversimplifies the standard upon which Texas courts have construed the common law tort of intrusion upon seclusion; thus, Defendant denies each and every allegation contained in Paragraph 49.

50.    Defendant admits that all citizens of the State of Texas are entitled to be free from an unlawful invasion of their personal privacy, but denies each and every other allegation contained in Paragraph 50.

51.    Defendant denies each and every allegation contained in Paragraph 51.

52.    Defendant denies each and every allegation contained in Paragraph 52.

53.    Defendant denies each and every allegation contained in Paragraph 53.

54.    Defendant denies each and every allegation contained in Paragraph 54.

55.    Defendant denies each and every allegation contained in Paragraph 55.

56.    Defendant denies each and every allegation contained in Paragraph 56.

57.    Defendant denies each and every allegation contained in Paragraph 57.

58.    Defendant denies each and every allegation contained in Paragraph 58.

59.    Defendant denies each and every allegation contained in Paragraph 59.

## B. Affirmative Defenses

61.    Even if Plaintiff proves the allegations in her Original Complaint, ProCollect is not liable to Plaintiff because although Plaintiff alleges certain violations of the FDCPA, the FDPCA exculpates persons who make simple mistakes notwithstanding the use of reasonable procedures adopted to prevent making them.  Because of the professional nature of ProCollect's business, ProCollect maintains policies, procedures and practices to prevent the kinds of mistakes alleged by Plaintiff. Any action taken which could be misconstrued as a violation of the FDCPA was nothing other than a bona fide mistake, notwithstanding the use of reasonable

procedures ProCollect has adopted to avoid such a mistake. *See* TITLE 15 SECTION 1692K(C) OF THE U.S. CODE.

62.     Even if Plaintiff proves the allegations in her Original Complaint, ProCollect is not liable to Plaintiff because although Plaintiff alleges certain violations of Chapter 392 of the Texas Finance Code, the Code exculpates persons who make simple mistakes notwithstanding the use of reasonable procedures adopted to prevent making them.  Because of the professional nature of Defendant's business, Defendant maintains policies, procedures and practices to prevent the kinds of mistakes alleged by Plaintiff. Any action taken which could be misconstrued as a violation of the Texas Finance Code was nothing other than a bona fide mistake, notwithstanding the use of reasonable procedures Defendant has adopted to avoid such a mistake. *See* Sec. 392.401 of the TEXAS FINANCE CODE.

63.     Plaintiff failed to provide Defendant with a proper statutory 60-day written notice before filing this lawsuit, as is required by Section 17.505 of the Texas Deceptive Trade Practices Act, and therefore did not adequately put Defendant on notice that a DTPA claim existed. Therefore, Defendant asserts that Plaintiff's DTPA claims are barred or in the alternative abated until the Plaintiff complies with the notice sections of the DTPA.

64.     Defendant has serious concerns that this case was not properly investigated prior to its filing (and expressed those concerns to Plaintiff's counsel on numerous occasions prior to filing Plaintiff's Original Petition). Had Plaintiff properly reviewed the facts of this case prior to its filing, he would not have filed a Federal lawsuit. Because the case was not properly investigated, nor did a meaningful exploration take place between the parties evidencing the strength of Defendant's "Bona-Fide Error" defense, Defendant believes that Plaintiff's claims were made recklessly, frivolously, and/or with the purpose of harassing Defendant. Accordingly, Defendant is seeking reasonable attorney's fees under TITLE 15 SECTION 1692K(A)(3) OF THE

U.S. CODE and §392.403(C) of the TEXAS FINANCE CODE, which permits the same when the court finds that the case was brought in bad faith and/or for the purpose of harassment.

65.     Furthermore, because Defendant believes this case is either groundless in fact or law, or was brought in bad faith or for the purpose of harassment, the Court should award Defendant its reasonable and necessary attorneys' fees and court costs in accordance with Section 17.50(c) of the Texas Deceptive Trade Practices Act.

66.     Plaintiff's claims are barred by Plaintiff's unclean hands.

67.     Plaintiff's claims are barred by excessive demand and/or improper or failure to provide required statutory notices, including pursuant to the Texas Deceptive Trade Practices—Consumer Protection Act.

68.     Plaintiff's claims are barred by offset and/or set-off.

69.     Plaintiff's claims are barred in whole or in part, by Plaintiff's failure to mitigate damages.

70.     Defendant is not liable to Plaintiff because Plaintiff was the main, contributory factor in causing the alleged violations.

71.     Defendant is not liable to Plaintiff because the alleged injuries, harm and/or damages suffered by Plaintiff, if any, were directly or proximately caused by the acts of himself, or one or more third-parties, for whom Defendant is not liable.

72.     Defendant is not liable to Plaintiff because of a mistake.

73.     If Defendant is found liable, Defendant intends to seek a reduction of damages under the proportionate responsibility statute.

### C. Counterclaim

Pursuant to Fed. R. Civ. P. 13, Defendant ProCollect, Inc. submits the following counterclaim against Plaintiff in this case:

<u>C-1. Jurisdiction</u>

74.     This Court has supplemental jurisdiction for the state counterclaim. 28 U.S.C. § 1367.

<u>C-2. Facts</u>

75.     On or about May 7, 2009, Plaintiff executed a written lease to rent Unit #622 at the Forest Brook Apartments in Lewisville, Texas as his residence from New Harmony, LLP dba Forest Brook Apartments (hereinafter, the "Lease").

76.     The Lease obligated Plaintiff, among other things, to pay monthly rent in the amount of $1,150.00 on the first day of each calendar month until June 30, 2010.

77.     Plaintiff, however, breached the Lease by vacating the subject premises without permission on or about November 2, 2009.

78.     Plaintiff also failed to pay monthly rent for at least one month prior to vacating the subject premises without permission.

79.     On March 7, 2011, New Harmony, LLP dba Forest Brook Apartments assigned the Lease and its claim against Plaintiff to Defendant.

<u>C-3. Count I – Breach of Contract</u>

80.     On or about May 7, 2009, Plaintiff executed a written lease with New Harmony, LLP dba Forest Brook Apartments promising, among other things, to New Harmony, LLP dba Forest Brook Apartments (or its agents) the sum of $1,150.00 each calendar month until June 30, 2010.

81.     Plaintiff failed to live up to his end of the bargain by vacating the subject premises without permission on or about November 2, 2009.

82.     Plaintiff also failed to live up to his end of the bargain by failing to pay at least one month's rent prior to vacating the subject premises without permission.

83.     On March 7, 2011, New Harmony, LLP dba Forest Brook Apartments assigned the Lease and its claim against Plaintiff to Defendant.

84.     As a result of Plaintiff's breach, Defendant incurred damages (not including costs of collection and/or attorney's fees) in the amount of $3,380.78.

85.     In connection with the amount owed to New Harmony, LLP dba Forest Brook Apartments (now, Defendant), Defendant incurred significant costs in connection with the many attempts Defendant took to collect the outstanding amount due, including, but not limited to, numerous collection calls and letters, labor costs, overhead, and attorney review.

86.     Defendant has also retained David I. Goodhart, Esq. to represent it in this action and has agreed to pay him reasonable and necessary attorney's fees in order the collect the amount due.  An award of reasonable and necessary attorney's fees to Defendant would be not only equitable and just, but authorized by the Texas Civil and Practice and Remedies Code Section 38.001.

87.     The Lease permits Defendant to recoup all accrued costs of collection including, but not limited to, attorney's fees.

**WHEREFORE**, Defendant that upon trial, Plaintiff takes nothing on his claims; for a determination that this case was not properly investigated and therefore brought in bad faith or for purposes of harassment, for its costs herein incurred, including, but not limited to attorney's fees under TITLE 15 SECTION 1692K(A)(3) OF THE U.S. CODE, and §392.403(C) of the TEXAS FINANCE CODE, for judgment against Plaintiff in the amount of $3,380.78, plus, costs of collection, attorney's fees, post-judgment interest, court costs, and such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,


By:      /s/ David I. Goodhart
            DAVID I. GOODHART
            State Bar No. 00798216

190 S. Collins Rd., Suite 102
Sunnyvale, Texas 75182
(972) 226-6600 – Telephone
(972) 226-6603 – Telecopy
david@sprop.com


By:      /s/ John W. Bowdich
            JOHN W. BOWDICH
            State Bar No. 00796233

KORN, BOWDICH & DIAZ, L.L.P.
4221 Avondale Ave.
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Telecopy
jbowdich@kbdtexas.com

ATTORNEYS FOR DEFENDANT
PROCOLLECT, INC


## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(b) and the local rules of the Northern District of Texas, I hereby certify that a true and correct copy of the foregoing document was served electronically on all parties who have entered their appearance electronically in this case.

Diana P. Larson, Esq.                    VIA ECF
THE LARSON LAW OFFICE, PLLC
14785 Preston Rd., Suite 550
Dallas, Texas 75154

ATTORNEY FOR PLAINTIFF

                              By:      /s/ David Goodhart
                                          DAVID GOODHART